**SO ORDERED.**

**SIGNED October 27, 2017.**



_____
JOHN W. KOLWE
UNITED STATES BANKRUPTCY JUDGE
_____

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

IN RE: SHARON BOYD RILEY                           CASE NO. 17-80108

### WRITTEN REASONS FOR DENIAL OF MOTION FOR STAY PENDING APPEAL OF ORDER DISALLOWING REIMBURSEMENT OF ADVANCES THROUGH DEBTOR'S CHAPTER 13 PLAN

      For the reasons stated orally at the hearing, the Court denied Movant's Emergency Motion for Stay Pending Appeal.[1] The Court supplements its oral ruling on the Motion with these conforming written reasons. A separate Order will be entered.

### BACKGROUND

      The Debtor sought to confirm a plan that proposed to pay her attorney the no-look attorney fee allowed under this District's Standing Order Regarding "No-Look" Fees in Chapter 13 Cases, plus reimbursement of advances made by Movant to pay the filing fee, the credit counseling fee, and a credit

---

[1] This Emergency Motion for Stay Pending Appeal and a Memorandum in Support were filed by Thomas C. McBride, McBride Law Firm and Thomas C. McBride, LLC, and Joseph Moore and E. Orum Young Law, LLC, who will be collectively referred to as "Movant."

report fee on behalf of the Debtor. On September 29, 2017, this Court entered its Order and Reasons for Decision, disallowing reimbursement of the advances and limiting the administrative expense claim against the Debtor's estate to the no-look fee allowed under the Standing Order.[2] On October 11, 2017, Movant filed a Notice of Appeal of the Decision and now moves to stay the effect of the Order pending the appeal.

## LAW AND ANALYSIS

The decision whether to grant a stay of an order pending appeal under Fed. R. Bankr. P. 8007 lies within the sound discretion of the court. *In re First South Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir.1987). The standard for deciding whether to grant such a stay mirrors that for granting a preliminary injunction. *Carroll v. Abide*, 2015 WL 5320917 *3 (M.D.La. 2015) *quoting In re A&F Enterprises, Inc. II*, 742 F.3d 763,766 (7th Cir. 2014) and *citing Hunt v. Bankers Trust Co.*, 799 F.2d 1060 (5th Cir. 1986). The standard for deciding whether to grant a preliminary injunction, applied in this context, requires the court to consider four factors: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *Collier v. Hodge*, No. 15-CV-2119, 2015 WL 5016485, at *1 (W.D. La. Aug. 21, 2015), *citing In re First South Sav. Ass'n*, 820 F.2d at 710; *see also In re Fabian*, No. CV 16-4674, 2016 WL 3430837, at *3 (E.D. La. 2016) and *Carroll v. Abide*, 2015 WL 5320917 *3 (M.D.La. 2015). To obtain a stay, all four factors must be met, and the movant has the burden of proving these factors by a preponderance of the evidence. *Collier,* 2015 WL 5016485 *1 (W.D.La. 2015).

*(1) Likelihood of success on the merits*

With respect to the first factor of the four-part test, the Fifth Circuit has stated:

[O]n motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay. … If a movant were required in every case to establish that the appeal would probably be successful, the Rule would not require as it does a prior presentation to the district judge whose order is being appealed. That judge has already decided the merits of the legal issue. The stay procedure of Fed.R.Civ.P. 62(c) and Fed.R.App.P. 8(a) affords interim relief where relative harm and the uncertainty of final

---
[2] *See* January 24, 2017 Standing Order Regarding "No-Look" Fees in Chapter 13 Cases (Effective for cases filed on or after February 1, 2017) (available on the Court's website).

2

disposition justify it. Of course, if the balance of equities (i.e. consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal.

*Ruiz v. Estelle*, 650 F.2d 555, 565–66 (5th Cir. 1981).

Movant elected to receive compensation as limited under the District's applicable Standing Order rather than seeking approval of compensation from the estate by formal fee application. Success on appeal would require a finding that the Court abused its discretion by finding the order precludes reimbursement of additional amounts for expenses over the limit imposed therein without a formal fee application in Chapter 13 cases.[3] The interpretation of the Court's own standing order and the reasonableness of the total "no-look" fee under its Standing Order is an exercise of the Court's discretion, subject to review for abuse of discretion. An abuse of discretion occurs when the bankruptcy court (1) applies an improper legal standard [, reviewed de novo,] or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous." *In re Woerner*, 783 F.3d 266, 270–71 (5th Cir. 2015)(citations omitted), *quoting In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005) and *citing In re Evangeline Ref. Co.*, 890 F.2d 1312, 1325 (5th Cir.1989). The Court's interpretation of the limit on compensation under the terms of its own order, which it found precluded awarding additional compensation for itemized prepetition expenses personal to debtors, cannot be construed as either the application of an improper legal standard or a decision made under erroneous factual findings.

Next, Movant alleges as factual error the finding that the filing fee is a prepetition expense rather than a post-petition expense. But there was no genuine dispute with respect to whether the filing fee is a prepetition expense of the debtor.[4] In fact, the brief filed in support of confirmation by Movant presented the issue to be decided by the Court as follows: "Can a Chapter 13 debtor's attorney be reimbursed under the Bankruptcy Code Section 330(a)(4)(B), through the Chapter 13 plan, for *prepetition* fees and costs paid or advanced by the attorney?"[5] The Court declines to revisit its reasons for rejecting the one and only

---

[3] Many bankruptcy courts have adopted standing orders, which allow Chapter 13 debtor's attorneys to elect a "no-look" fee as compensation. Some of these courts, in the exercise of their discretion, have included an express provision in their standing orders, which allows reimbursement of court filing fees over and above the "no-look" fee. This Court's Standing Order does not contain such a provision.

[4] The filing fee accrues prepetition and is a prepetition expense of the Debtor. *See* Fed. R. Bankr. P. 1006(a) ("Every petition shall be accompanied by the filing fee. …").

[5] Case No. 17-80108, Doc. No. 16, pg. 1 (emphasis supplied).

3

unreported case offered by Movant, which characterized the filing fee as a post-petition expense payable as an administrative expense claim, because in this matter, the obligation to advance the fee, and his corresponding reimbursement claim, arose out of his engagement agreement with the Debtor, not out of an agreement with the bankruptcy estate.[6] Based on the foregoing, the court noted that even if a formal fee application had been filed, the advances are not reimbursable as an "actual, necessary cost and expense of preserving the estate" under 11 U.S.C. § 503(b)(1)(A). The fact that the advances were characterized as prepetition expenses in the presentation of the legal issue before the court cannot now be construed as an "erroneous" factual or legal finding.

Lastly, Movant cites as legal error the Court's finding that advances are not reimbursable under 11 U.S.C. §§ 330(a)(4)(B) and 503(b)(2); but in both its Motion and at oral argument, Movant did not present any binding or persuasive authority that would allow a different legal conclusion.

Movant has not met the burden of showing a likelihood of success on the merits. Even if Movant has made a "substantial case," because the "balance of equities" in considering the remaining three factors weigh heavily against granting the motion, the Motion should be denied.

*(2) Irreparable injury if the stay is not granted*

Movant must show irreparable injury will incur if the Court's Order is not stayed. "The Supreme Court has stated that 'the key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.'" *Collier v. Hodge*, No. 15-CV-2119, 2015 WL 5016485, at *2 (W.D. La. Aug. 21, 2015) *quoting Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 953 (1974); *see also*, *In re Sabine Oil & Gas Corporation*, 551 B.R. 132, 143-44 (Bankr. S.D.N.Y. 2016)("To establish irreparable harm, a movant must allege an injury requiring a remedy of more than mere money damages.").

Movant claims that once the effect of the Court's Order is multiplied by the number of cases to which the ruling applies, it results in substantial loss to the Movant. The Court concedes that its Decision impacts more than a few cases. The Chapter 13 Trustee filed a response to the Stay Motion indicating that the Court's Decision impacts 600 of Young's cases in the Monroe Division through July 31, 2017, and 154 of McBride's cases in the Alexandria Division. The Court notes that if Movant is ultimately successful on appeal, attorneys may be able to file administrative claims in each of the impacted cases in

---

[6] Case No. 17-80108, Doc. 30, Memorandum in Support, pg. 5, *citing In re Stanley*, U.S. Bankruptcy Court, Western District of Virginia, Lynchburg Division, Case No. 11-62125-LYN, Docket No. 23.

4

the amount of $367 per case. Nevertheless, the claim is for mere monetary damages, and thus cannot serve as the basis for irreparable injury.

Additionally, Movant alleges irreparable injury will occur because multiple appeals may be necessary if the Order is not stayed. The Court does not find this argument persuasive, because there is no reason that multiple appeals will be required. There is one Order and Reasons for Decision that holds that the advances are not reimbursable, and Movant has appealed that Order. Even if an appeal is required in more than one case, Movant has not cited any authority to support the claim that appeal costs represent irreparable injury.

Moreover, the impacted cases involve Chapter 13 plans which require the debtor to make payments for a period of 36 to 60 months. During oral argument of the Stay Motion, counsel for Movant indicated that the appeal of this matter would likely take nine months to a year. Even if it takes longer, and if Movant is successful on appeal, there will be time for Movant to make an administrative claim in each case for the advances. The only risk to the Movant is that a case may be dismissed for various possible reasons during the pendency of the appeal. However, during oral argument, counsel for Movant, in the context of discussing an appropriate bond amount, stated that the Movant would waive the claim for reimbursement of the advances in any of the cases dismissed during the pendency of the appeal. Under these circumstances, the Movant can be made whole through the filing of an administrative expense claim in the then pending cases if successful on the appeal. Thus, the Court's Order will not cause any harm, much less irreparable harm.

Finally, during oral argument of the Stay Motion, Movant claimed that the only way to protect against the effect of the Order is to maintain the *status quo*. However, the Order not only preserves the *status quo* (from April 1, 2010 through January 31, 2017, the District's no look fee has always included any advances made on behalf of a debtor), but further, the Order actually increases the total amount of the fee by $800 in most cases. Thus, if not stayed, the Court's Order maintains this *status quo* and is not a substantial change to the long established practice in this Court.

 **(3) *Absence of substantial harm to the other parties from granting the stay***

Movant cites the lack of any real argument in this matter by the Chapter 13 Trustee as satisfaction of the "absence of substantial harm" requirement. Movant overlooks that it is ultimately "the [bankruptcy] court's responsibility to protect the estate … in Chapter 13 cases where there is little motivation for a debtor, or creditors to object to a particular fee allowance." *In re Smith*, 331 B.R. 622, 628 (Bankr. M.D. Pa. 2005). As the Court made clear during the oral argument of this matter, the collective class of creditors

5

of all affected estates may be harmed if the Order is stayed. As the Reasons for Decision sets forth, if the Court were to allow reimbursement of the filing fee over and above the no-look fee provided in the Standing Order, then in each individual case, $367 would be transferred from the classes subordinate in priority to the Movant's administrative claim.

Assuming that 754 cases are impacted (600 in Monroe, as of July 2017, and 154 in Alexandria, as of the date of the Order), that would mean, collectively, that $276,718 would be paid toward administrative expenses at the expense of subordinate creditors. Thus, imposing the stay would substantially harm all creditors to be paid under all confirmed Chapter 13 plans by deferring payments to which they would otherwise be entitled to receive under the plans.

Movant is offering only a $1,500 bond to protect these parties. During oral argument the Court inquired as to whether a larger bond was necessary given the magnitude of the stay as to all impacted cases. Movant indicated a small bond would be sufficient because the Chapter 13 Trustee could simply hold the funds pending the appeal. There are several problems with Movant's position. First, it still delays payment to creditors under the plans. Second, the Movant is leveraging the bankruptcy estate to fund the bonding requirement. Either the decision is stayed, meaning that the funds at issue in each case are paid to the administrative class, thereby requiring a sufficiently large enough bond to insure repayment from Movant to the estate in the event the appeal is unsuccessful, or it is not, and the other creditors are paid per the plan. Further, if successful on appeal, the Movant may then assert an administrative claim against the estate.

Finally, a stay pending appeal would substantially harm the Chapter 13 Trustees, particularly if a bond is not required and the Trustees are required to hold the funds at issue. Administering plans without finality of the Court's ruling for the duration of the appeal would perpetuate the Chapter 13 Trustee's administrative burden of uncertainty as to how to distribute funds under the confirmed plans, which is actually contrary to the interest of all parties bound by the plan. Creditors and the Debtors must be able to assess feasibility, liquidation and amounts of payments proposed under the plans, and given the high number of cases affected by the ruling, reimbursement of additional administrative expenses may impact those assessments. The Trustee is also obligated to file distribution reports in cases that are, or will be, dismissed during the pendency of the appeal. Without finality of the ruling as to those dismissed cases, the Trustees will have to hold open possibly hundreds of cases that could otherwise be completely administered and closed. This would grind to a halt the otherwise efficient system of case and asset administration which presently exists in the Court.

*(4) Service to the public interest from granting the stay*

Movant argues that the Order should be stayed because the Court's ruling denies debtors access to the Court. As was expressed by the Court during the oral argument of this matter, the Court disagrees; no debtor is prohibited access to the Bankruptcy Court for lack of the means to pay the filing fee. First, the ruling preserves the right of Movant to continue fronting the filing fee and other costs on behalf of his clients, just as has been the case in this District since April 2010.

Second, if Movant does not want to absorb the cost of the filing fee, and his client in fact does not have sufficient funds to pay the fee at case filing, the client may file the one page form Application, stating the debtor is unable to pay the filing fee but in installments, as required by 28 U.S.C. §1930 and Fed. R. Bankr. P. 1006(b). Under this option, the debtor still gets the full benefit of case filing, i.e., the automatic stay goes into effect, without having to pay the filing fee upfront. While the Court has discretion with respect to granting such an application, all such applications are generally granted when the debtor does not have unpaid filing fees from previous cases, and the schedules support the declaration that the debtor does not have sufficient funds to pay the fee.

Finally, it serves the public interest to require the Application to pay in installments before allowing the filing fee to be charged against the estate as an administrative expense over and above the no-look fee. The Court cannot assume that *all* Chapter 13 debtors, who must have regular income to qualify for Chapter 13 relief, have no means to pay the filing fee when the Petition is filed in every case. Not only does an Application to pay in installments not prevent access to the Court, it achieves the accountability and transparency in the bankruptcy process for which the rules are intended.

Thus the Court cannot find that any public interest will be served by staying the Order pending appeal.

## CONCLUSION

For these reasons and those addressed in open court on October 19, 2017, the Motion for Stay Pending Appeal is denied. The Court will enter a separate and conforming Order.

# # #